TASKER C. CROSSON, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF RUTHERFORD ET AL.

Argued November 7, 1900—Decided February 25, 1901.

Where a penalty is laid by a penal statute or ordinance and there is a proviso in the section so fixing the penalty which excepts out of the section certain places, things or persons, the complaint must contain proper averments to show that the person sought to be summarily punished was not within the exception, otherwise a conviction upon it cannot be sustained.

On *certiorari.*

This writ brings up a conviction of the prosecutor for the violation of section 1 of an ordinance of the defendant borough, passed June 19th, 1900, which section reads as follows:

"Sec. 1. That *no person or persons shall keep, drive or* use for hire, or cause to be kept or used for hire, *any hack, cab, omnibus,* express wagon or truck, or other carriage or vehicle used for the transportation of passengers, baggage or merchandise, *without being licensed* therefor according to the provision of this ordinance, under a penalty of ten dollars for each and every offence; provided, that this section shall not apply to vehicles used in connection with any livery stable, except the same are used for soliciting business at the railway station or elsewhere within the borough."

The complaint in the case is as follows:

"County of Bergen, Borough of Rutherford, *ss.*—Before me, Joseph N. Mileham, recorder of the borough of Ruther-

·ford, in said county, personally appeared George Holland, of the said borough, who, being by me duly sworn, according to law, on his oath says, that one Tasker C. Crosson, of the said borough, on or about the 16th day of July, A. D. 1900, in said borough, did keep, drive and use for hire, or caused to be kept and used for hire, a certain hack, cab, or other vehicle, used for the transportation of passengers and baggage, without being licensed therefor, in violation of section one of an ordinance of said borough of Rutherford, entitled 'An ordinance to license and regulate the use of hacks, cabs, omnibuses, express wagons, and all other carriages and vehicles used for the transportation of passengers, baggage and merchandise for hire.'   Passed June 19, 1900.

"(Signed),   GEORGE HOLLAND.

"Sworn and subscribed at Rutherford this 17th day of July, A. D. 1900, before me.

"JOSEPH N. MILEHAM,

"*Recorder.*"

The defendant was fined $10 and costs.

Before Justices VAN SYCKEL and FORT.

For the prosecutor, *Addison Ely.*

For the defendants, *John M. Bell.*

Memoranda of the court by

FORT, J. This conviction cannot be sustained. The complaint in this case fails to negative the proviso in the section of the ordinance under which the conviction was had. Where the penalty is laid by a penal statute or ordinance, and there is a proviso in the section laying the penalty which excepts out of the section certain places, things or persons, the complaint must contain proper averments to show that the defendant sought to be summarily dealt with was not within the exception. The complaint in this case should have averred that the vehicle not licensed was not used in connection with any

livery stable. *Doughty* v. *Conover,* 13 *Vroom* 193; *Jacobus* v. *Meskill,* 27 *Id.* 255.

It is. true the cases just cited relate to suits for penalties for the violation of a statute, but there is no ground upon which we can distinguish summary proceedings to enforce penalties for the violation of statutes from similar proceedings for the violation or ordinances.

The conviction brought up will be set aside.